UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICHARD JOSEPH SCHREIBER, SR.,

Plaintiff,

v. Case No. 25-cv-1987-pp

CORY LADWIG, *et al.*,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Richard Joseph Schreiber, Sr., who is representing himself, was incarcerated at the Shawano County Jail when he filed this complaint under 42 U.S.C. §1983, alleging that the defendants had violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On January 26, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $38.44. Dkt. No. 7. The court received that fee on March 18, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has sued thirty-one defendants. He alleges that in February and March of 2024, while confined at the Shawano County Jail, his rights were violated "due to non-compliance with PREA[1] law[.]" Dkt. No. 1 at 2. The plaintiff states that female guards entered male quarters unannounced, female guards saw males changing through a tinted window while exchanging clothes, cell searches were "very lackluster no effort at all hooch being made and consumed regularly [sic]," homosexuality was occurring regularly with "audio and video available" and a pod of grown men yelled and viewed incarcerated individuals in the shower. Id. The plaintiff states that he immediately reported these events and that his whole pod learned of his confidential PREA complaints which violated the PREA and risked his safety. Id. at 2, 4. He alleges that three other incarcerated individuals threatened to assault him, so staff placed him in the sex offender unit where he witnessed homosexuality by several incarcerated individuals who were allowed into unassigned cells. Id. at 4. The plaintiff

[1] Prison Rape Elimination Act, 34 U.S.C. §340301 *et seq.*

alleges that he then was placed in adjustment segregation. Id. While there (or possibly in another unit), the plaintiff did not have access to a PREA emergency phone, phone numbers, signs, education or investigations, which he asserts is "a debacle for any inmate being sexually assaulted[.]" Id.

The plaintiff alleges that when an incarcerated person exercises his right to report, he is shunned, subject to retaliation and put in physical danger by the jail's dangerous and unprofessional tactics. Id. at 4-5. The institution allegedly "lets this facility run itself again homemade alcohol made every day[,] inmates fighting regularly and inmates being brutally beaten[.]" Id. at 5. The plaintiff states that jail staff never call the police after incarcerated individuals are assaulted and beaten, and that the jail needs a segregation unit. Id.

The plaintiff alleges that he returned to the Shawano County Jail around November 2025, and that the things that happened previously still are occurring. Id. at 6. For relief, the plaintiff seeks monetary damages and injunctive relief. Id. at 3.

C. Analysis

The plaintiff alleges that when he reported that jail conditions violated the PREA, other incarcerated individuals learned about his confidential PREA complaint. He says that three other incarcerated individuals threatened to assault him, but that staff moved him to another unit. Conditions on the new unit allegedly prevented him from reporting PREA violations.

The PREA has as its goal the elimination of prison rape. Incarcerated individuals may file PREA complaints under state law, not federal law. See Wis.

Admin. Code §DOC 310.08. And the PREA "does not give prisoners a personal right to sue for an official's failure to comply with the Act's requirements.'" Gould v. Doe, Case No. 20-cv-1250, 2021 WL 3056249, at *3 (E.D. Wis. July 20, 2021) (quoting Summers v. Waggoner, Case No. 19-CV-01338, 2020 WL 6321488, at *3 (S.D. Ill. Oct. 28, 2020), and citing other cases). The PREA does not create a private right of action. See Walton v. Nehls, Case No. 22-cv-7, 2023 WL 346041, at *3 (E.D. Wis. Jan. 20, 2023) (citing Bentley v. Baenen, Case No. 17-cv-1791, 2018 WL 1108701, at *2 (E.D. Wis. Feb. 27, 2018). And neither a violation of state law nor violation of prison policies or regulations infringes a constitutional right. See Courtney v. Butler, 66 F.4th 1043, 1052-53 (7th Cir. 2023); Estate of Simpson v. Gorbett, 863 F.3d 740, 746 (7th Cir. 2017). The plaintiff has not stated a claim based on allegations that the conditions at the jail violated the PREA or that jail staff violation PREA.

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of that right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The plaintiff describes conditions generally and how they impacted incarcerated individuals and violated PREA. But as an unrepresented litigant, the plaintiff may not proceed on behalf of others. See Navin v. Park Ridge Sch. Dist. 64, 270 F.3d 1147, 1149 (7th Cir. 2001) (holding that unrepresented litigants may not proceed on behalf of one another). The

plaintiff has not alleged that any defendant violated *his* constitutional rights. The complaint has not stated a claim under §1983.

The court will give the plaintiff an opportunity to file an amended complaint regarding the events described in the complaint. If he believes that any defendant or defendants violated his—*the plaintiff's*—constitutional rights, he may include those allegations in the amended complaint. The court advises the plaintiff that §1983 limits liability to public employees who are personally responsible for a constitutional violation. Burks v. Raemisch, 555 F.3d 592, 595-96 (7th Cir. 2009). To be liable, the individual defendant must have caused or participated in a constitutional violation. Hildebrandt v. Ill. Dep't of Nat. Res., 347 F.3d 1014, 1039 (7th Cir. 2003).

The court is enclosing a copy of its amended complaint form. The plaintiff must use this form if he chooses to file an amended complaint. See Civil Local Rule 9(b) (E.D. Wis.). The plaintiff must list the case number for this case on the first page. He must list in the caption of the amended complaint all the defendants he wants to sue. He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No. 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an amended complaint, he must do so in time for the court to receive it by the end of the day on **November 30, 2026**. If the court receives an amended complaint by the end of the day on November 30, 2026, the court will screen it as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the November 30, 2026 deadline, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a strike as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the plaintiff must pay the **$311.56** balance of the filing fee to the Clerk of Court.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities or who are not incarcerated must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court

[2] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated individuals. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 20th day of October, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**